LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On February 7, 2003, Burnell De-deaux, an undercover agent, purchased less than one ounce of marijuana from Eric Greenwood for sixty dollars. Michael Hutchins, a confidential informant, also witnessed this transaction. Agent Joey Mayes was parked nearby, providing surveillance and audio-taping the transaction. Greenwood was arrested at some point later because of the on-going investigation into drug activity in Leake County.
¶ 2. Greenwood was indicted on April 30, 2003, and his trial by jury was conducted on September 4, 2003. The jury in the Circuit Court of Leake County found Greenwood guilty of the sale of less than one ounce of marijuana. Greenwood was then sentenced to serve three years in the custody of the Mississippi Department of Corrections and fined $3,000. Aggrieved, Greenwood now appeals to this Court asserting that the trial court erred in denying his motion for a directed verdict and that he was denied his right to confront and cross-examine the confidential informant who was unavailable to testify at the trial.
¶ 3. Finding no error, we affirm.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN DENYING GREENWOOD’S MOTION FOR A DIRECTED VERDICT?
¶ 4. In his first issue, Greenwood argues that the trial court erred in denying his motion for a directed verdict. Greenwood contends that the State failed to prove beyond a reasonable doubt that he was the seller of the marijuana. When testing the legal sufficiency of the State’s evidence by a motion for directed verdict or a request for a peremptory instruction, the standard of review of each is essentially the same. Dickey v. State, 819 So.2d 1253(¶ 8) (Miss.2002). According to McClain v. State, 625 So.2d 774, 778 (Miss.1993), “the court must review the evidence in the light most favorable to the [Sjtate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence.” The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 5. Dedeaux, although inconsistent in his testimony with regards to the specific date and time of the transaction, testified that Greenwood entered the car with *1209 him and Hutchins, they discussed the purchase of some marijuana, Greenwood exhibited a bag of marijuana, and Dedeaux then paid Greenwood sixty dollars for the bag of marijuana. Dedeaux also stated that, although Greenwood was sitting behind him, he turned around in order to get a full view of Greenwood. Dedeaux identified Greenwood in the courtroom as the man who sold him marijuana on the day in question.
¶ 6. Mayes testified that he heard the transaction over the audio transmitter. Mayes also stated that Dedeaux gave him a description of Greenwood. Sheriff Greg Waggoner, who was with Mayes, also testified that he heard the transaction over the audio transmitter.
¶ 7. Viewing this evidence favorably to the State, we find fair-minded jurors had sufficient evidence to find Greenwood guilty. This issue is without merit.
II. WAS GREENWOOD DENIED HIS RIGHT TO CONFRONT AND CROSS-EXAMINE THE CONFIDENTIAL INFORMANT WHO WAS UNAVAILABLE TO TESTIFY AT TRIAL?
¶ 8. In his other issue, Greenwood argues that he was denied his right to confront and cross-examine the confidential informant, Hutchins, who was unavailable to testify at the trial. However, Greenwood raises this issue for the first time on appeal. Furthermore, Greenwood failed to object on the record to the testimony which he considers to be objectionable. It is well stated that issues not placed before the trial judge cannot then be raised on appeal, including constitutional issues. Colburn v. State, 431 So.2d 1111, 1114 (Miss.1983). We find this issue to be without merit.
¶ 9. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY $3,000 FINE, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.